UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON  
4115 Wisconsin Avenue, N.W., #506  
Washington, D.C. 20016  

    Plaintiff,

v.                        Civil Action No._____

U.S. DEPARTMENT OF JUSTICE  
950 Pennsylvania Ave., NW  
Washington, DC 20530-0001  

    Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations challenging the failure of the United States Department of Justice ("Justice") to fulfill the requests for information made by Kenneth J. Dillon for information pertaining to Dr. Bruce Ivins.

2. This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's requests for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

**JURISDICTION AND VENUE**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court

also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Kenneth J. Dillon is a historian seeking records on Dr. Bruce Ivins who was suspected of the anthrax mailings in 2001 by the FBI. The information will be used by plaintiff and others in evaluating the FBI's performance in the investigation, which was one of the largest criminal investigations in U.S. history.

5. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component of Justice. Defendant Justice (and its component FBI) is the federal agency with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

12. The Justice Department has FOIA regulations mandating its requirements to respond to FOIA requests. 28 C.F.R. pt. 16 *et. seq.*

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

13. By letter on May 15, 2015, Plaintiff made a request to the FBI seeking the "Interim Major Case Summary" (IMCS) written in 2006 by Richard Lambert, head of the Amerithrax investigation from 2002 to 2006.

14. By letter dated May 28, 2015, the FBI acknowledged plaintiff's request and assigned it FOIPA number 1329350 and further stated that records responsive to the request had already been released.

15. By letter dated June 1, 2015, plaintiff administratively appealed to OIP, the FBI's response to defendant, pointing out that the IMCS was not available in the Vault,

as FBI had stated in its letter dated May 28, 2015.

16. By letter dated August 10, 2015, OIP stated that it was remanding the request to FBI for further search for responsive records.

17. Following consultation with the FBI, by letter dated March 31, 2016, plaintiff narrowed his request to the Table of Contents of IMCS and the material pertaining to Bruce Ivins in order to expedite processing.

18. By letter dated June 28, 2016, FBI stated that documents responsive to plaintiff's request had been located but that it needed to consult with other agencies before taking action.

19. By letter dated April 18, 2015, plaintiff requested access to all email messages, laboratory notebooks, paper and computer files, and information about meetings and telephone conversations in September and October, 2001 of Dr. Bruce Ivins, USAMRIID. This request was subsequently assigned FOIPA no. 1327397 by the FBI.

20. Plaintiff followed the administrative remedies allowed for request 1327397, and by letter dated December 22, 2016 limited his request to two items - 1.) Ivin's emails to or from Patricia Fellows and Mara Linscott; and 2.) Laboratory Notebook No. 4282.

21. By letter dated January 30, 2017, the FBI acknowledged plaintiff's request and assigned it FOIPA no. 1327397-001.

22. As of the date of this filing, plaintiff has received no further communications from the FBI pertaining to these requests.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Plaintiff submitted requests that reasonably described the records sought and were made in accordance with Justice's published rules.

25. In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

26. Therefore, defendant has violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

27. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
### (Failure to Produce Records Under the FOIA)

28. Plaintiff realleges and incorporates by reference all preceding paragraphs.

29. Plaintiff properly asked for records within defendant's control.

30. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

31. Defendant has not produced all the records responsive to plaintiff's FOIA requests.

32. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendant has violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests;

(2) Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendant to immediately conclude its consultation on responseive records and release all of the records responsive to plaintiff's FOIA requests;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

8/23/17

_____
Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833
infoprivacylaw@yahoo.com

Attorney for Plaintiff