IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON )
)
)
)
Plaintiff, )          Civil Action No. 1:17-cv-01716-RC
)
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
)
)
Defendant. )

# **EXHIBIT A**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

May 18, 2015

## MEMORANDUM

TO:        David M. Hardy
           Chief, RIDS/RMD
           Federal Bureau of Investigation

FROM:      Initial Request Staff

SUBJECT:   Misdirected Freedom of Information Act (FOIA) Request Received by
           Office of Information Policy (OIP)

Please be advised that the attached misdirected FOIA request from Kenneth Dillon was received by this Office through OIP's online Portal on May 15, 2015. Because it is seeking records of interest to the Federal Bureau of Investigation, we are forwarding this request to your Office for processing and direct response to the requester. For your information, we are not processing this request on behalf of any of the senior management offices. Additionally, please note that this Office did not make a determination regarding the requester's fee category. The fee category listed on the attached page was provided by the requester. Should you have any questions regarding this matter, please contact Sara Tennant of this Office at (202) 514-7868 or Sara.Tennant@usdoj.gov.

Attachment

## FOIA/PA Request received by the Office of Information Policy
### via its eFOIA online Portal

Requester name, title, and address:
Mr. Kenneth Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, DC 20016

Requester organization, if any:

Requester telephone:

Requester FAX, if any:

Requester e-mail:
kennethjdillon@gmail.com

Date of request:
May 15, 2015

Date received by OIP:
May 15, 2015

Text of request:
"

4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
May 15, 2015

Record Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
U.S. Department of Justice
Washington, D.C. 20535

Dear FOIA Officer:

This is a request filed under the Freedom of Information Act.

I request the "Interim Major Case Summary", a 2000-page report written by Richard Lambert in 2006, give or take a year, on the Amerithrax investigation. I recognize that in some instances privacy and operational concerns will necessitate redactions, but the compelling public interest in the release of this document should lead them to be kept to a minimum.

Lambert headed the Amerithrax investigation from 2002 to 2006 and must be considered an authoritative source. The anthrax mailings of 2001 and the subsequent investigation formed an important episode in recent American history. There are good reasons to think that FBI, knowing that the real mailer of the anthrax letters was an al Qaeda operative, wrongly claimed that U.S. Army scientist Bruce Ivins was the mailer.

## FOIA/PA Request received by the Office of Information Policy via its eFOIA online Portal

I am a professional historian and retired foreign service officer with a publishing business, Scientia Press. I have done extensive research on the Amerithrax case, have written a number of articles about it at www.scientiapress.com, have organized a seminar on it, and have one of the main theories of the case. In view of the need of the American people for information about this case, I would place these records on the well-known Amerithrax case Website Case Closed as soon as I receive them so that researchers and the public can readily access them. For this purpose, I request that the records be provided in digital format. I will continue to publish online articles and eventually will likely publish in print media on the case as well. I have a Ph.D in history from Cornell University and am the author of six books.

I request a waiver of fees. As a scholar, I am serving the public's need for better information about this important, controversial case. I have worked on it pro bono for many years and expect to continue doing so.

A compelling need to inform the public concerning actual or alleged federal government activity, with the goal of improving government operations, warrants expedited processing. The American people have an unquestionable right to know everything the report contains that is releasable.

Thank you for your consideration of my request.

Sincerely,

Kenneth J. Dillon"

OIP request number:
FOIA-2015-03378

Requester's fee category, as indicated by requester:
Non-Commercial Scientific Institution Requester

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH J. DILLON | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:17-cv-01716-RC |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Defendant. | ) ) ) |

# EXHIBIT B

U.S. Department of Justice



Federal Bureau of Investigation
*Washington, D.C. 20535*

May 26, 2015

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW #306
WASHINGTON, DC 20016

FOIPA Request No.: 1329350-000
Subject: INTERIM MAJOR CASE SUMMARY
(AMERITHRAX INVESTIGATION)

Dear Mr. Dillon:

This is in response to your Freedom of Information Act (FOIA) request.

Records responsive to your request were previously processed for another requester.  In order to avoid charging duplication fees unnecessarily, we have made these records available in the FBI's FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov.  On the right-hand side of the home page, under the heading "Vault Links" you can search for your subject alphabetically (click on "A-Z Index"), by category (click on "Categories"), or by entering text into our search engine (click on "Search Vault").

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.  Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **A criminal history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON )
)
)
)
Plaintiff, )    Civil Action No. 1:17-cv-01716-RC
)
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
)
)
Defendant. )

# **EXHIBIT C**



*Protected*

# *Request Summary Report*

## *AP-2015-03626 / PB - Dillon, Kenneth [Non-Commercial Scientific Institution Requester]*

| | | | |
|---|---|---|---|
| *Track:* | Simple | *Date on Request:* | 2015-06-01 |
| *Perfected:* | | *Date Initially Received:* | 2015-06-01 |
| *Due:* | | *Requester File Ref. #:* | |
| *Completed:* | | *Jacket Number:* | |
| *Officer Assigned:* | Bucket, Portal | *Coordination CAIR:* | No |
| *Decision Maker:* | | *Request Transferred In:* | No |
| *Deadline:* | 30 | *Response Time:* | 0 |

| | | |
|---|---|---|
| *Organization:* | | *Telephone:* |
| *Address:* | | *Fascimile:* |
| | | *Other Telephone:* |
| | | *Email:* kennethjdillon@gmail.com |

*Summary:*
*Request Text:*

4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
June 1, 2015

Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

RE: Freedom of Information Appeal

Dear Sir/Madam:

This is an appeal under the Freedom of Information Act.

On May 15, 2015, I requested a single FBI record under the Freedom of Information Act. My request was assigned identification number 1329350-000. I requested the "Interim Major Case Summary", a 2000-page report written by Richard Lambert in 2006, give or take a year, on the Amerithrax investigation, which he headed from 2002 to 2006.

In response, FBI sent me a letter dated May 28, 2015 informing me that "Records responsive to your request were previously processed for another requester" and were available in FBI's online FOIA Library (The Vault). But the "Interim Major Case Summary" is not in the Vault, as FBI knows. So its reply is misleading. The records in the Vault are not responsive to my request.

I am requesting a single, easy-to-identify document, Lambert's 2000-page "Interim Major Case Summary".

There are good reasons to think that FBI, knowing that the anthrax had been mailed by an al Qaeda operative, falsely accused Bruce Ivins after his suicide of having mailed the anthrax letters. Lambert's report is a key document that can help the American public ascertain the truth about this major episode in its recent history as well as reveal possible misconduct by FBI officials, which in turn can permit correction of the operational processes of U.S. Government agencies. Thus the American people have an undeniable and compelling interest in learning what is in this report.

Thank you for your consideration of this appeal.

Sincerely,

Kenneth J. Dillon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON )
)
)
)
Plaintiff, )          Civil Action No. 1:17-cv-01716-RC
)
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
)
)
Defendant. )
)

# **EXHIBIT D**



**U.S. Department of Justice**

Office of Information Policy

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

June 23, 2015

Mr. Kenneth Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, DC 20016
kennethjdillon@gmail.com

　　　　Re: Request No. 1329350

Dear Mr. Dillon:

　　　　This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation was received by this Office on June 1, 2015.

　　　　The Office of Information Policy has the responsibility of adjudicating such appeals. In
an attempt to afford each appellant equal and impartial treatment, we have adopted a general
practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned
number **AP-2015-03626**. Please mention this number in any future correspondence to this
Office regarding this matter. Please note that if you provide an e-mail address or another
electronic means of communication with your request or appeal, this Office may respond to your
appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

　　　　We will notify you of the decision on your appeal as soon as we can. If you have any
questions about the status of your appeal, you may contact me at the number above. If you have
submitted your appeal through this Office's online electronic appeal portal, you may also obtain
an update on the status of your appeal by logging into your portal account.

　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　Priscilla Jones
　　　　　　　　　　　　　　　　　　　Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                          )
                                           )
                                           )
                                           )
          Plaintiff,                       )        Civil Action No. 1:17-cv-01716-RC
                                           )
          v.                               )
                                           )
UNITED STATES DEPARTMENT                   )
OF JUSTICE,                                )
                                           )
                                           )
          Defendant.                       )
                                           )

# EXHIBIT E



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Kenneth Dillon
4115 Wisconsin Avenue NW
No. 306                                         Re:    Appeal No. AP-2015-03626
Washington, DC 20016                                   Request No. 1329350-000
kennethjdillon@gmail.com                               MWH:RCS

**VIA: E-Mail**

Dear Mr. Dillon:

You appealed from the action of the Federal Bureau of Investigation on your request for
access to records concerning the Interim Major Case Summary on the Amerithrax investigation.

After carefully considering your appeal, and as a result of discussions between FBI
personnel and this Office, I am remanding your request to the FBI for a further search for
responsive records. If the FBI locates releasable records, it will send them to you directly,
subject to any applicable fees. You may appeal any future adverse determination made by the
FBI. If you would like to inquire about the status of this remand, please contact the FBI directly.

If you are dissatisfied with my action on your appeal, the Freedom of Information Act
permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

8/10/2015

X  ~~Matth~~ - M

Matthew Hurd, Senior Attorney, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: Hurd, Matthew (OIP)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )       Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# **EXHIBIT F**



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**
_Washington, D.C. 20535_

September 3, 2015

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW #306
WASHINGTON, DC 20016

FOIPA Request No.: 1329350-000
Subject: INTERIM MAJOR CASE SUMMARY
(AMERITHRAX INVESTIGATION)

Dear Mr. Dillon:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request. Under Department of Justice (DOJ) standards, expedited processing can only be granted in the following situations.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (d)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☑ **28 C.F.R. §16.5 (d)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (d)(1)(iii):** "The loss of substantial due process of rights."

☐ **28 C.F.R. §16.5 (d)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements for expedition; therefore, your request is denied. Specifically, you have not shown a compelling need to inform the public concerning actual or alleged federal government activity, with the goal of improving government activities.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON          )
                           )
                           )
        Plaintiff,         )          Civil Action No. 1:17-cv-01716-RC
                           )
            v.             )
                           )
UNITED STATES DEPARTMENT   )
OF JUSTICE,                )
                           )
                           )
        Defendant.         )
                           )

# **EXHIBIT G**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 3, 2015

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW #306
WASHINGTON, DC 20016

FOIPA Request No.: 1329350-000
Subject: INTERIM MAJOR CASE SUMMARY
(AMERITHRAX INVESTIGATION)

Dear Mr. Dillon:

This is in response to your request for a fee waiver for the above referenced Freedom of Information
Act (FOIA) request. Fee waivers are determined on a case by case basis.
See 5 U.S.C. § 552 (a)(4)(A)(iii) and 28 C.F.R. § 16.10(k)(i)-(ii).

☐    **You failed to articulate any of the statutory requirements.**

☑    **Quoting or paraphrasing the statute, without providing factual detail or support specific to
your request, does not provide sufficient basis to render an informed decision.**

☑    **You failed to demonstrate the requirement that the requested information is in the public
interest because it is likely to contribute significantly to public understanding of the
operations and activities of the government. See 28 C.F.R. § 16.10(k)(i).**

   ☐    Factor 1:  The records do not concern the operations or activities of the Federal
                   Government. See 28 C.F.R. § 16.10(k)(2)(i).

   ☑    Factor 2:  Disclosure of the requested records would not be meaningfully informative about
                   government operations or activities in order to be likely to contribute to an
                   increased public understanding of those operations or activities.
                   See 28 C.F.R. § 16.10(k)(2)(ii). Additionally, one or more of the following
                   determinations apply to this factor if indicated below.

        ☑       The information requested is already in the public domain, in either a duplicative
                or a substantially identical form. Therefore, disclosure is not meaningfully
                informative in relation to the subject of your request as nothing new would be
                added to the public's understanding.

        ☐       The records that you seek have previously been disclosed to the public.
                Specifically, the requested records have been made available through our
                website vault.fbi.gov OR to another requester who previously submitted a
                request for the same material and demonstrated their capacity to place the
                records in the public domain.

        ☐       The records that you seek are currently being processed for another requester
                who has demonstrated their capacity to place the records in the public domain.

   ☑    Factor 3:  The disclosure of information would not contribute to the understanding of a
                   reasonably broad audience of persons interested in the subject, as opposed to
                   the understanding of the individual understanding of the requester.
                   See 28 C.F.R. § 16.10(k)(2)(iii). Additionally, one or more of the following
                   determinations apply to this factor if indicated below.

☐      As the information you seek primarily pertains to you, the only person who would benefit from the disclosure of these records is you; therefore, such a disclosure would not contribute to the understanding of a reasonably broad audience.

☐      You have not demonstrated your expertise in the subject area, your ability, and/or your intention to effectively convey the information to the public.

☐   Factor 4:   The public's understanding of the subject in question would not be enhanced by the disclosure to a significant extent.
See 28 C.F.R. § 16.10(k)(2)(iv).

☐   **Disclosure of the information is primarily in the commercial interest of the requester. See 28 C.F.R. § 16.10(k)(ii).**

☐   Factor 5:   We have determined that you have a commercial interest that would be furthered by the requested disclosure. See 28 C.F.R. § 16.10(k)(3)(i).

☐   Factor 6:   After balancing your commercial interest against the public interest in disclosure, we have determined that disclosure is primarily in your commercial interest. See 28 C.F.R. 16.10(k)(3)(ii).

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
              v.                     )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# EXHIBIT H



*Protected*

## Request Summary Report

### AP-2016-00037 / PB - Dillon, Kenneth [Non-Commercial Scientific Institution Requester]

| | | | |
|---|---|---|---|
| *Track:* | Simple | *Date on Request:* | 2015-10-08 |
| *Perfected:* | | *Date Initially Received:* | 2015-10-08 |
| *Due:* | | *Requester File Ref. #:* | |
| *Completed:* | | *Jacket Number:* | |
| *Officer Assigned:* | Bucket, Portal | *Request Transferred In:* | No |
| *Decision Maker:* | | *Response Time:* | 0 |
| *Deadline:* | 20 | | |

| | | | |
|---|---|---|---|
| *Organization:* | | *Telephone:* | |
| *Address:* | 4115 Wisconsin Avenue, N.W. #306 | *Fascimile:* | |
| | Washington, District of Columbia, | *Other Telephone:* | |
| | 20016 | *Email:* | kennethjdillon@gmail.com |
| | UNITED STATES | | |

*Summary:*
*Request Text:*

4115 Wisconsin Avenue, N.W. #306

Washington, D.C. 20016
October 8, 2015

Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

RE: Freedom of Information Appeal
FOIA Request No.: 1329350-000

Dear Sir/Madam:

  This is an appeal under the Freedom of Information Act.
  On May 15, 2015, I requested from FBI the "Interim Major Case Summary", a 2000-page report written by Richard Lambert in 2006 on the Amerithrax investigation, which he headed from 2002 to 2006.
  On September 3, 2015, FBI sent me a letter denying my request for expedited processing on the grounds that I did not provide "enough information concerning the statutory requirements for expedition.... Specifically, you have not shown a compelling need to inform the public concerning actual or alleged federal government activity, with the goal of improving government activities."
  Richard Lambert, the former lead Amerithrax investigator, has said on Fox News that FBI has intentionally withheld evidence exculpatory of U.S. Army scientist Bruce Ivins.
  In my request, I had stated that "there are good reasons to think that FBI, knowing that the real mailer of the anthrax letters was an al Qaeda operative, wrongly claimed that U.S. Army scientist Bruce Ivins was the mailer." However, I did not use those words in the paragraph requesting expedited processing. To ensure that they are given due weight, I hereby apply them to the request for expedited processing.
  The denial of my request for expedited processing cited 28 C.F.R. §16.5 (d)(1)(ii): "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." This fits both the Ivins evidence and the possible al Qaeda aspect of the case. But my request also matches the criteria of 28 C.F.R. §16.5(d)(1)(iv): "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." At various times in the course of the investigation, the Amerithrax case has been a major news story. That it is currently not such may be a function of the success of FBI in misleading the public; and any important change in the story would attract widespread and exceptional media interest while raising possible questions about the government's integrity which affect public confidence.
  ·  Thank you for your consideration of this appeal.

Sincerely,

Kenneth J. Dillon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON )
)
)
)
Plaintiff, )          Civil Action No. 1:17-cv-01716-RC
)
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
)
)
Defendant. )

# **EXHIBIT I**

*Protected*

## Request Summary Report

### AP-2016-00078 / PB - Dillon, Kenneth [Non-Commercial Scientific Institution Requester]

| | | | |
|---|---|---|---|
| *Track:* | Simple | *Date on Request:* | 2015-10-09 |
| *Perfected:* | | *Date Initially Received:* | 2015-10-09 |
| *Due:* | | *Requester File Ref. #:* | |
| *Completed:* | | *Jacket Number:* | |
| *Officer Assigned:* | Bucket, Portal | *Request Transferred In:* | No |
| *Decision Maker:* | | *Response Time:* | 0 |
| *Deadline:* | 20 | | |

| | | | |
|---|---|---|---|
| *Organization:* | | *Telephone:* | |
| *Address:* | 4115 Wisconsin Avenue, N.W. #306 | *Fascimile:* | |
| | Washington, District of Columbia, | *Other Telephone:* | |
| | 20016 | *Email:* | kennethjdillon@gmail.com |
| | UNITED STATES | | |

*Protected*

## *Request Summary Report*

### *AP-2016-00078 / PB - Dillon, Kenneth [Non-Commercial Scientific Institution Requester]*

**Summary:**
**Request Text:**

October 9, 2015

Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-001

RE: Freedom of Information

Appeal

FOIA Request No.:

1329350-000
Dear Sir/Madam:

This is an appeal under the Freedom of Information Act.
On May 15, 2015, I requested from FBI the "Interim Major Case Summary", a 2000-page report written
by Richard Lambert in 2006 on the Amerithrax investigation, which he headed from 2002 to 2006.
On September 3, 2015, FBI sent me a letter denying my request for a fee waiver on various grounds.
FBI's first justification: It wrote that "Quoting or paraphrasing the statute, without providing factual
detail or support specific to your request, does not provide sufficient basis to render an informed decision."
In my request, I had written that there are "good reasons to think that FBI, knowing that the real mailer
of the anthrax letters was an al Qaeda operative, wrongly claimed that U.S. Army scientist Bruce Ivins was the
mailer." If FBI requires more specificity, I can state that Richard Lambert told me that the evidence I was looking
for was in the Interim Major Case Summary, which contained the totality of evidence regarding the persons of
interest. He had previously said on Fox News that FBI had intentionally withheld evidence exculpatory of Ivins. I
was looking for this exculpatory evidence, including from traditional forensics tests, none of which has been
released.
The report may also contain important evidence regarding al Qaeda suspects. In the interest of saving FBI time
and effort, I would be willing to amend my request to refer only to those parts of the report that regard Bruce
Ivins and al Qaeda suspects. However, releasing the entire report would better serve the need of the public for
full disclosure.
FBI's second justification: FBI wrote that "You failed to demonstrate the requirement that the requested
information is in the public interest because it is likely to contribute significantly to public understanding of the
operations and activities of the government." This point is supported by "Factor 2: Disclosure of the requested
records would not be meaningfully informative about government operations or activities in order to be likely to
contribute to an increased public understanding of those operations or activities." In turn, supporting Factor 2 is
the statement that "The information requested is already in the public domain, in either a duplicative or a
substantially identical form."
According to Richard Lambert, an authoritative source, FBI has intentionally withheld evidence exculpatory of
Ivins. Thus FBI's second justification is incorrect. The public has a need to know every piece of exculpatory
evidence regarding Bruce Ivins, who was driven to commit suicide under FBI pressure, then posthumously
accused by FBI of having mailed the anthrax letters. This exculpatory evidence is not in the public domain, and
FBI's effort to pretend that all the evidence has been released is one more reason to suspect its version of this
case and to think that it is deliberately misleading the public.
FBI also supports the second justification with "Factor 3: The disclosure of information would not contribute to
the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the
understanding of the individual understanding [sic] of the requester." Concealed exculpatory evidence
concerning a U.S. Army scientist who committed suicide under FBI investigative pressure, then was accused by
FBI of having mailed the anthrax letters is not a matter of my individual curiosity. It is information that the public
at large has a compelling need to know if it is to understand this fundamentally important case and its outcome.
Thank you for your consideration of this appeal.

Sincerely,

Kenneth J. Dillon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# **EXHIBIT J**



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

October 15, 2015

Mr. Kenneth Dillon
No. 306
4115 Wisconsin Avenue NW
Washington, DC 20016
kennethjdillon@gmail.com

       Re: Request No. 1329350

Dear Mr. Dillon:

       This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation was received by this Office on October 9, 2015.

       The Office of Information Policy has the responsibility of adjudicating such appeals. In
an attempt to afford each appellant equal and impartial treatment, we have adopted a general
practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned
number **AP-2016-00078**. Please mention this number in any future correspondence to this
Office regarding this matter. Please note that if you provide an e-mail address or another
electronic means of communication with your request or appeal, this Office may respond to your
appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

       We will notify you of the decision on your appeal as soon as we can. If you have any
questions about the status of your appeal, you may contact me at the number above. If you have
submitted your appeal through this Office's online electronic appeal portal, you may also obtain
an update on the status of your appeal by logging into your portal account.

                         Sincerely,

                         Priscilla Jones
                         Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                          |   |                                    |
|------------------------------------------|---|------------------------------------|
| KENNETH J. DILLON                        | ) |                                    |
|                                          | ) |                                    |
|                                          | ) |                                    |
| Plaintiff,                               | ) | Civil Action No. 1:17-cv-01716-RC  |
|                                          | ) |                                    |
| v.                                       | ) |                                    |
|                                          | ) |                                    |
| UNITED STATES DEPARTMENT                 | ) |                                    |
| OF JUSTICE,                              | ) |                                    |
|                                          | ) |                                    |
|                                          | ) |                                    |
| Defendant.                               | ) |                                    |

# EXHIBIT K



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Kenneth Dillon
No. 306
4115 Wisconsin Avenue, NW
Washington, DC 20016
kennethjdillon@gmail.com

Re:     Appeal No. AP-2016-00037
        Request No. 1329350
        MWH:MTC

**VIA: Appeal Portal**

Dear Mr. Dillon:

        This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation was received in this Office on October 8, 2015. You appealed from the
FBI's denial of your request for expedited treatment of your Freedom of Information Act request.

        In your appeal letter, you assert that your request is entitled to expedited treatment
pursuant to the second and fourth standards enumerated in the Department of Justice's
regulations. Expedited treatment pursuant to the first standard will be granted where not doing
so "could reasonably be expected to pose an imminent threat to the life or physical safety of an
individual." 5 U.S.C. § 552(a)(6)(E)(v)(I). See also 28 C.F.R. § 16.5(e)(1)(i) (2015). Under the
second standard, you must show that there is "[a]n urgency to inform the public about an actual
or alleged Federal Government activity, if made by a person primarily engaged in disseminating
information." 5 U.S.C. § 552(a)(6)(E)(v)(II). See also 28 C.F.R. § 16.5(e)(1)(ii) (2015). Under
the third standard, you must show that the request involves "[t]he loss of substantial due process
rights." 28 C.F.R. § 16.5(e)(1)(iii) (2015). Under the fourth standard, you must show that the
subject matter of your request is a "matter of widespread and exceptional media interest in which
there exist possible questions about the government's integrity that affect public confidence." Id.
at § 16.5(e)(1)(iv)). This Office makes determinations regarding the first three standards, while
the Department's Director of Public Affairs makes determinations regarding the fourth standard.
See id. at § 16.5(e)(2) (2015).

        In deciding whether you have demonstrated that there is an "urgency to inform the
public" under 28 C.F.R. § 16.5(e)(1)(ii) (2015), I considered three factors: "(1) whether the
request concerns a matter of current exigency to the American public; (2) whether the
consequences of delaying a response would compromise a significant recognized interest; and
(3) whether the request concerns federal government activity." Al-Fayed v. CIA, 254 F.3d 300,
310 (D.C. Cir. 2001). Although your request concerns a federal government activity, you have
not established that the requested records are a matter of current exigency to the American
public, nor that delaying a response would compromise a significant recognized interest.
Without such a showing, expedited processing pursuant to the second standard is not warranted.

- 2 -

The Director of Public Affairs considered your request for expedited processing under the fourth standard and determined that your request should be denied. I agree with the determination of the Director of Public Affairs that expedited treatment of your request is not warranted under this standard because you have failed to sufficiently demonstrate that the subject of your request is "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv) (2015). The Director of Public Affairs found there was not widespread and exceptional media interest in the subject of your request. Accordingly, the Director of Public Affairs properly determined that you failed to meet your burden under the fourth standard for expedited processing.

If you are dissatisfied with my action on your appeal for expedited treatment of your request, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

11/3/2015

X ~~Matth - M~~

Matthew Hurd, Senior Attorney, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: Hurd, Matthew (OIP)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# EXHIBIT L

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

January 7, 2016

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW #306
WASHINGTON, DC 20016

FOIPA Request No.: 1329350-000
Appeal No.: AP20153626
Subject: Interim Major Case Summary
(AMERITHRAX INVESTIGATION)

Dear Mr. Dillon:

This is in reference to your Freedom of Information Act (FOIA) request.

The Federal Bureau of Investigation (FBI) has located approximately 3,433 pages of records potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑ If all potentially responsive pages are released on CD, you will owe $100.00 in duplication fees (7 CDs at $15.00 each, less $5.00 credit for the first CD). Releases are made on CD unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $166.65 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐ You submitted your request via the FBI's eFOIA system. Releases will be made to you electronically, and you will owe _____ in duplication fees ( ____ releases at $15.00 each, less $5.00 credit for the first release).

☐ The FBI's eFOIA system cannot transmit audio and video files, and they will need to be released on CD. The FBI located approximately ____ CDs consisting of audio and video files that are potentially responsive to the subject of your request. If all of the potentially-responsive media is released, you will owe $ _____ ( __ CDs at $15.00 each, less $5.00 credit for the first CD).

☐ CDs will not be sent to a correctional institution. You will only qualify for CD releases if an alternate address is provided.

☐ You will owe approximately $ ___ in international shipping fees.

**The estimated total cost for processing your request is approximately $100.00 for CD releases or $166.65 for paper releases.**

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s). Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

## Requester Response

**No payment is required at this time.** If your request does not qualify for eFOIA releases, you must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD). You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:

☐ I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐ I am willing to pay fees of a different amount.

   **Please specify amount:** _____

☐ Provide me 100 pages or the cost equivalent ($5.00) free of charge. If applicable, I am willing to pay International shipping fees.

☐ Cancel my request.

**If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed.** Include the FOIPA Request Number listed above in any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue. This may also reduce search and duplication costs and allow for a more timely receipt of your information. The FBI uses a multi-queue processing system to fairly assign and process new requests. Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above. Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time. Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**. You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# **EXHIBIT M**

4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
January 28, 2016

Mr. David M. Hardy
Section Chief, Record/Information Dissemination Section
Records Management Division
Work Process Unit
Record Information/Dissemination Section, Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester VA 22602

FOIPA Request No. 1329350-000
Appeal No.: AP20153626
Subject: Interim Major Case Summary
(AMERITHRAX INVESTIGATION)

Dear Mr. Hardy:

In response to your January 7, 2016 letter regarding fees for processing my FOIA request, please find enclosed a copy with the box checked "I am willing to pay estimated duplication/international shipping fees up to the amount specified in this letter."

I would like to receive the records in CD format. However, I would also appreciate it if you could in addition send me the files as email attachments, if this is possible.

Thank you for your handling of this matter.

Sincerely,

Kenneth J. Dillon

Enclosure: as stated

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
         Plaintiff,                  )          Civil Action No. 1:17-cv-01716-RC
                                     )
     v.                              )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
         Defendant.                  )
                                     )

# EXHIBIT N

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2016-03-31T18:30:56.274284+00:00
Status: pending Message:

## Individual Information

| | |
|---|---|
| **Prefix** | |
| **First Name** | Kenneth |
| **Middle Name** | J. |
| **Last Name** | Dillon |
| **Suffix** | |
| **Email** | kennethjdillon@gmail.com |
| **Phone** | 347-873-9484 |
| **Location** | United States |

## Domestic Address

| | |
|---|---|
| **Address Line 1** | 4115 Wisconsin Avenue, N.W. #306 |
| **Address Line 2** | |
| **City** | Washinoton |
| **State** | District of Columbia |
| **Postal** | 20016 |

## Agreement to Pay

**How you will pay**    I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below

**Allow up to $** 250

# Proof Of Affiliation for Fee Waiver

**Waiver Explanation** I am a professional historian and retired foreign service officer with a publishing business, Scientia Press. I have done extensive research on the Amerithrax case, have written a number of articles about it at www.scientiapress.com, have organized a seminar on it, and have one of the main theories of the case. In view of the need of the American people for information about this case, I would place these records on the well-known Amerithrax case Website Case Closed as soon as I receive them so that researchers and the public can readily access them. For this purpose I request that the records be provided in digital format. I will continue to publish online articles and eventually will likely publish in print media on the case as well. I have a Ph.D in history from Cornell University and am the author of six books.

I request a waiver of fees. As a scholar, I am serving the public's need for better information about this important, controversial case. I have worked on it pro bono for many years and expect to continue doing so.

**Documentation Files**

# Non-Individual FOIA Request

**Request Information** 4115 Wisconsin Avenue, N.W. #306

# Expedite

**Expedite Reason** A compelling need to inform the public concerning actual or alleged federal government activity, with the goal of improving government operations, warrants expedited processing. The 2001 anthrax mailings led to the largest criminal investigation in American history. There are good reasons to believe that FBI, knowing that the real mailer of the anthrax letters was an al Qaeda operative, wrongly claimed that Bruce Ivins was the mailer. FBI's denial of my earlier request for expedited release of the entire IMCS, requiring the American public to wait 3-4 years or longer to learn what it contains, was based on a narrow interpretation of current media interest in the case (it would be very high if the public had an inkling of what appears to have been the shocking reality of the case).

----END MESSAGE----

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                           )
                                            )
                                            )
                                            )
        Plaintiff,                          )        Civil Action No. 1:17-cv-01716-RC
                                            )
        v.                                  )
                                            )
UNITED STATES DEPARTMENT                    )
OF JUSTICE,                                 )
                                            )
                                            )
        Defendant.                          )
                                            )

# EXHIBIT O

71e47db

From:     Kenneth Dillon [kennethjdillon@gmail.com]
Sent:     Monday, April 11, 2016 12:44 PM
To:       Bronson, Rebecca  (RMD) (FBI)
Subject:       Re: Anthrax Mailings

Becki:
Thanks for this.  Yes, please go ahead and process the Ivins material and the table
of contents.
Should I withdraw the formal FOIA request that I made for them through the FBI
website 3
weeks ago, and, if so, how do I do that?
Thank you.
Ken

On Mon, Apr 11, 2016 at 10:42 AM, Bronson, Rebecca (RMD) (FBI)
<Rebecca.Bronson@ic.fbi.gov> wrote:
Ken,

Once your first request is processed, you are welcome to request additional material
through me. We
reduce the scope of the original request, process that, close that request, then
open a new request
for additional material, if that makes sense. You can make the request through me or
you can make
the request through the fbi.gov website, as I believe you have done in the past.
Either way works well
and will take about the same amount of time.

Shall we go ahead and process the Ivins material and the table of contents?

Thanks,
Becki


From: Kenneth Dillon [mailto:kennethjdillon@gmail.com]
Sent: Monday, April 11, 2016 9:43 AM

To: Bronson, Rebecca (RMD) (FBI)
Subject: Re: Anthrax Mailings

Becki:
Thanks for this.  It is very helpful.  If I request the 38 pages of the table of
contents and Ivins
material, does my next request have to be made as a formal, separate FOIA request,
or could I
just request another 50 pages of the IMCS directly from you?  In other words, does
asking for
the 38 pages now cancel my original request for the entire report, or does my
original request
remain operative as the justification for making repeated direct requests to you for
50 pages at a
time?
I appreciate your help.
Ken

On Mon, Apr 11, 2016 at 9:23 AM, Bronson, Rebecca (RMD) (FBI)
<Rebecca.Bronson@ic.fbi.gov> wrote:
Hi Ken,

I've had a chance to get with the analyst on this and can give you a general idea of
what's included.
Basically the remaining material covers the shape and scope of the investigation.

Page 1

There is an executive
summary, an overview of anthrax concepts, description of the crime, federal law
violations, victims,
investigative techniques and results, persons interviewed, and pending investigative
initiatives.

The best way to expedite your request is to keep it to 50 pages or less. The table
of contents is 22
pages not 10. We could process that and the section on Ivins and keep the request
below 50 pages.
Once that is processed, you are welcome to request additional material if you would
like.

Please let me know how you would like to proceed.

Best,
Becki

From: Kenneth Dillon [mailto:kennethjdillon@gmail.com]
Sent: Wednesday, April 06, 2016 7:02 PM

To: Bronson, Rebecca (RMD) (FBI)
Subject: Re: Anthrax Mailings

Rebecca:
Thanks for this.  It is helpful.  A few questions:
1.  what general categories of materials do the remaining nearly 3000 pages contain?
2.  what is the maximum number of pages that can be released on an expedited basis?
3.  Is there any way for me to receive these expedited pages without abandoning my
request for
the entire 3433 pages?
I am thinking now of asking for the table of contents, the Ivins material, and as
much on key Al
Qaeda figures as can released on an expedited basis, but it would help to understand
a bit more
before I ask specifically.
Best wishes.
Ken

On Wed, Apr 6, 2016 at 7:59 AM, Bronson, Rebecca (RMD) (FBI)
<Rebecca.Bronson@ic.fbi.gov> wrote:
Hi Ken,

We have about 490 pages total regarding material that we've discussed, broken down
as follows:

Discussion of various suspects: 165 p.
Bruce Ivins: 16 p.
Table of Contents: approx. 10 p. (I don't have access to it at the moment, the
analyst is away and I'm
going off memory on this).

You had asked previously for anything pertaining to forensics, and there are 299
pages there.

Unfortunately I can't comment on Jdey specifically.

Hope this is helpful,
Becki

From: Kenneth Dillon [mailto:kennethjdillon@gmail.com]
Sent: Monday, April 04, 2016 3:28 PM
To: Bronson, Rebecca (RMD) (FBI)

Subject: Re: Anthrax Mailings

Becki:
Thanks for this. I don't have a good sense for how many pages are involved under the various
headings, so I can't tell what I should be doing. I am reluctant to give up on the request for the
entire IMCS. Could you please provide me with the page counts for the table of contents, Ivins,
al Qaeda, and Abderraouf Jdey?
Best wishes.
Ken

On Mon, Apr 4, 2016 at 11:17 AM, Bronson, Rebecca (RMD) (FBI)
<Rebecca.Bronson@ic.fbi.gov> wrote:
Hi Ken,

You'll get material most quickly by reducing the scope of the current request to the table of contents
and the Ivins material. You are always welcome to submit a request for any remaining material you'd
be interested in at a later date.

Best,
Becki

From: Kenneth Dillon [mailto:kennethjdillon@gmail.com]
Sent: Monday, April 04, 2016 8:53 AM
To: Bronson, Rebecca (RMD) (FBI)
Subject: Re: Anthrax Mailings

Becki:
Thanks for your message.
I would like to do the simpler of the two: either 1) receive from you the page totals as I
requested, with the addition of the number of pages in the table of contents, while withdrawing
my new FOIA request for the table of contents and the pages referring to Ivins; or 2) pursue both
FOIA requests. The first approach seems easier, but it depends on the page totals that you can
come up with. So let's try that first.
Best wishes.
Ken


Virus-free. www.avast.com

On Mon, Apr 4, 2016 at 8:43 AM, Bronson, Rebecca (RMD) (FBI)
<Rebecca.Bronson@ic.fbi.gov> wrote:
Hi Ken,

No worries about that. I'm just glad we finally connected on this. Do I understand correctly that you
are revising your request to include the table of contents for the report and the section on Bruce
Ivins?

Thanks much,
Becki

From: Kenneth Dillon [mailto:kennethjdillon@gmail.com]
Sent: Sunday, April 03, 2016 4:54 PM

71e47db

To: Bronson, Rebecca (RMD) (FBI)
Subject: Anthrax Mailings

Becky:
I apologize for the trouble with phone and email communications.
In the meanwhile, I have filed a new related FOIA request (attached).
I look forward to hearing from you.
Ken

--
Kenneth J. Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484
kennethjdillon@gmail.com
www.scientiapress.com

No threats detected. www.avast.com

--
Kenneth J. Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484
kennethjdillon@gmail.com
www.scientiapress.com

--
Kenneth J. Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484
kennethjdillon@gmail.com
www.scientiapress.com

--
Kenneth J. Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484
kennethjdillon@gmail.com
www.scientiapress.com

--
Kenneth J. Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484
kennethjdillon@gmail.com
www.scientiapress.com

71e47db

--
Kenneth J. Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484
kennethjdillon@gmail.com
www.scientiapress.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )      Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# EXHIBIT P



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

April 11, 2016

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW #306
WASHINGTON, DC 20016

FOIPA Request No.: 1329350-000
Subject: Interim Major Case Summary

Dear Mr. Dillon:

Reference is made to your Freedom of Information Act (FOIA) request for FBI records concerning the Amerithrax investigation interim major case summary. This letter will serve to document your phone conversation and email exchanges with my representative, Ms. Bronson, that concluded April 11, 2016.

Ms. Bronson explained that your request is currently in the large track of our multi-track backlog of unassigned FOIA requests. This track contains requests for records in excess of 950 pages and assignments from this queue to our FOIA Processing Units are typically delayed for a significant amount of time. Ms. Bronson indicated that the FBI located approximately 3,433 pages potentially related to your subject and you were offered the opportunity to reduce the scope of your request to accelerate its assignment for processing. Based on those exchanges, you agreed to limit the request to the report's table of contents and the material pertaining to Bruce Ivins, with the understanding that you may request additional material at a later date.

There is a charge of $15 per CD, but because this release will be made on one CD, there will not be any fees due. Department of Justice regulations provide 100 pages of material, or its equivalent ($5 at 5 cents per page for paper copies), free of charge. The FBI does not bill for amounts less than $25, so the $15 for the cost of this CD will be waived.

Through negotiation, your request was reduced from a large track request of 3,433 pages to a request of approximately 38 pages, which will speed its processing time. We certainly appreciate your consideration in this matter and solicit your continued patience. If you have any further questions, please do not hesitate to telephone Ms. Bronson at 540-868-1695.

Very truly yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                          |     |                                   |
|------------------------------------------|-----|-----------------------------------|
| KENNETH J. DILLON                        | )   |                                   |
|                                          | )   |                                   |
|                                          | )   |                                   |
| Plaintiff,                               | )   | Civil Action No. 1:17-cv-01716-RC |
|                                          | )   |                                   |
| v.                                       | )   |                                   |
|                                          | )   |                                   |
| UNITED STATES DEPARTMENT                 | )   |                                   |
| OF JUSTICE,                              | )   |                                   |
|                                          | )   |                                   |
|                                          | )   |                                   |
| Defendant.                               | )   |                                   |

# EXHIBIT Q



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Kenneth J. Dillon
No. 306
4115 Wisconsin Avenue, NW
Washington, DC 20016
kennethjdillon@gmail.com

Re:     Appeal No. AP-2016-00078
        Request No. 1329350
        MTC:JKF

**VIA: Email**

Dear Mr. Dillon:

You appealed from the fee waiver determination made by the Federal Bureau of Investigation on your Freedom of Information Act request for access to the Amerithrax investigation Interim Major Case Summary.

After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your request to the FBI for further consideration of your request for a waiver of fees. You may appeal any future adverse determination made by the FBI. If you would like to inquire about the status of this remand, please contact the FBI directly.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

5/23/2016

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: SEAN O'NEILL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH J. DILLON | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:17-cv-01716-RC |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

# EXHIBIT R

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 30, 2018

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW
NUMBER 306
WASHINGTON, DC 20016

> *Dillon v. Department of Justice*
> Civil Action No: 17-cv-01716
> FOIPA Request No.: 1329350-000
> Subject: Interim Major Case Summary

Dear Mr. Dillon:

This is in response to your Freedom of Information Act (FOIA) request.

The material you requested from the FBI's Interim Major Case Summary ("IMCS") is exempt from disclosure in its entirety pursuant to 5 U.S.C. § 552(b)(5).

In applying this exemption, I have determined the analyses, evaluations, assessments, and conclusions contained within the IMCS are pre-decisional and deliberative in nature; and that release of the information contained in these records could reasonably be expected to interfere with the deliberative process and/or cause public confusion. Additionally, the FBI determined portions of these records are also exempt pursuant to 5 U.S.C. § 552(b)(1), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E). For a further explanation of the applied Exemptions, see the enclosed Explanation of Exemptions Form.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by law to provide you the following information:

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

 # FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy:

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would he held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# **EXHIBIT S**

**Sobonya, David P. (RMD) (FBI)**

$132739 7 - \bigcirc$

| | |
|---|---|
| **From:** | Kenneth Dillon [kennethjdillon@gmail.com] |
| **Sent:** | Saturday, April 18, 2015 5:35 PM |
| **To:** | FOIPARequest |
| **Subject:** | FOIA Request |
| **Attachments:** | ivinsfoiarequest.docx |

Dear Sir/Madam:

Attached is an FOIA request for records regarding Bruce Ivins in the anthrax mailings case.
Thank you for your attention to this request.

Sincerely,
Kenneth J. Dillon

--

Kenneth J. Dillon
Scientia Press
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484
kennethjdillon@gmail.com
www.scientiapress.com

1

4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
April 18, 2015

Record/Information/Dissemination Section
Records Management Division
Federal Bureau of Investigation
U.S. Department of Justice
Washington, D.C. 20535

Dear FOIA Officer:

This is a request filed under the Freedom of Information Act.

I request, in regard to the 2001 anthrax mailings, all email messages, laboratory notebooks, paper and computer files, and information about meetings and telephone conversations in September and October, 2001 of Dr. Bruce Ivins, USAMRIID.

In Para 53 of Richard L. Lambert v. Attorney General Eric Holder *et al.* in the US District Court for the Eastern District of Tennessee, filed April 2, 2015, Lambert, former head of the Amerithrax Task Force, refers to FBI's "efforts to railroad the prosecution of Ivins in the face of daunting exculpatory evidence" and states that FBI's public presentations of its case against Ivins were "replete with material omissions."

Lambert is an authoritative source, and there are many reasons to think that he is exactly right: FBI has seriously and unconscionably misled the public about Dr. Ivins. The American people have an unquestionable right to know everything that FBI knows about Ivins that relates to the anthrax mailings.

I request that the records be released in tranches as they become available.

I am a professional historian and retired foreign service officer with a publishing business, Scientia Press. I have done extensive research on the Amerithrax case, have written a number of articles at www.scientiapress.com about it, have organized a seminar on it, and have one of the main theories of the case. In view of the need of the American people for information about this case, I would place these records on the well-known Amerithrax case Website Case Closed as soon as I receive them so that researchers and the public can readily access them. For this purpose, I request that the records be provided in electronic format. I will continue to publish online articles and eventually will likely publish in print media on the case as well. I have a Ph.D in history from Cornell University and am the author of six books.

I request a waiver of fees. As a scholar, I serve the public's need for information about this important, controversial case. I have worked on it *pro bono* for years and expect to continue doing so.

A compelling need to inform the public concerning actual or alleged federal government activity, with the goal of improving government operations, warrants expedited processing. The American people have an urgent need to know the information regarding Ivins in order to determine whether FBI failed to stop al Qaeda from carrying out the anthrax attacks, then claimed that an innocent Ivins was the mailer of the anthrax letters of 2001.

Thank you for your consideration of my request.

Sincerely,

*Kenneth J. Dillon*
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
347-873-9484; kennethjdillon@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# **EXHIBIT T**

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

April 27, 2015

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW #306
WASHINGTON, DC 20016

FOIPA Request No.: 1327397-000
Subject: IVINS, BRUCE-2001 ANTHRAX
MAILINGS EMAILS, LAB NOTEBOOKS,
PAPER AND COMPUTER FILES

Dear Mr. Dillon:

This is in response to your Freedom of Information Act (FOIA) request.

Records responsive to your request were previously processed for another requester. In order to avoid charging duplication fees unnecessarily, we have made these records available on the FBI's public website, http://vault.fbi.gov. On the right-hand side of the home page, under the heading "Vault Links" you can search for your subject alphabetically (click on "A-Z Index"), by category (click on "Categories"), or by entering text into our search engine (click on "Search Vault").

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON )
)
)
)
Plaintiff, )          Civil Action No. 1:17-cv-01716-RC
)
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
)
)
Defendant. )
)

# EXHIBIT U

(A)

Protected

**FBI**

*Request Summary Report*

*AP-2015-04047 / PB - Dillon, Kenneth [Non-Commercial Scientific Institution Requester]*

| | | | |
|---|---|---|---|
| **Track:** | Simple | **Date on Request:** | 2015-06-19 |
| **Perfected:** | | **Date Initially Received:** | 2015-06-19 |
| **Due:** | | **Requester File Ref. #:** | |
| **Completed:** | | **Jacket Number:** | |
| **Officer Assigned:** | Bucket, Portal | **Request Transferred In:** | No |
| **Decision Maker:** | | **Response Time:** | 0 |
| **Deadline:** | 20 | | |

| | | | |
|---|---|---|---|
| **Organization:** | | **Telephone:** | |
| **Address:** | 4115 Wisconsin Avenue, N.W. #306 | **Fascimile:** | |
| | Washington, District of Columbia, | **Other Telephone:** | |
| | 20016 | **Email:** | kennethjdillon@gmail.com |
| | UNITED STATES | | |

**Summary:** NG printer 6/26

**Request Text:**

4115 Wisconsin Avenue, N.W.

#306

Washington, D.C. 20016
June 19, 2015

Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

RE: Freedom of Information

Appeal
Dear Sir/Madam:

This is an appeal under the Freedom of Information Act.
On April 18, 2015, I requested all records from September and October, 2001 related to Dr. Bruce
Ivins, USAMRIID. My request was assigned identification number 1327397-000.
In response, FBI sent me a letter dated April 27, 2015 informing me that "Records responsive to your
request were previously processed for another requester." It referred me to digital copies in FBI's public
website, http://vault.fbi.gov. However, FBI has never released many records responsive to my request, so this
reply is misleading and unresponsive.
Here are the records that FBI needs to release in order to be responsive.
Emails: FBI has never released Ivins's emails to or from Patricia Fellows, Mara Linscott, Nancy
Haigwood, or other individuals, even though it selectively used them in its Investigative Summary. Such emails
include those to and from Ivins's work email account and those to and from his personal accounts.
Laboratory Notebooks: FBI needs to release Notebook 4010 regarding Ivins's Flask 1029 as well as
relevant pages from Notebooks 3655, 3945, and 4251. To be fully responsive to the need of the American
people to understand this important case, all pages of all relevant notebooks for all dates should be released.
Paper and Computer Files: These include all records for September and October, 2001 related to the
computer installed in Ivins's B3 suite in summer, 2001: Macintosh MMCN E7380. They also include all paper
end computer files, including on other work and personal computers used by Ivins.
Information about Meetings: All relevant records related to meetings Ivins attended during September
and October, 2001 form part of this request.
Telephone and credit card records, etc.: These are important for determining Ivins's activities and
whereabouts. In regard to activities and whereabouts, entry and exit records for Building 1412 at USAMRIID,
where genetically matching anthrax was stored, would also be responsive. Lastly, records relating to Ivins's
animal experiments, including with 52 rabbits, in September and October, 2001 show his activities and
whereabouts and so should be released.
There are good reasons to think that FBI, knowing that the anthrax had been mailed by an al Qaeda operative,
falsely accused Bruce Ivins after his suicide of having mailed the anthrax letters. Former head of the Amerithrax
investigation Richard Lambert, an authoritative source, has stated that FBI suppressed a great deal of
exculpatory evidence regarding Ivins. Thus the American people have an undeniable and compelling interest in
learning what all FBI records responsive to this request contain.
Thank you for your consideration of this appeal.

Sincerely,

Kenneth J. Dillon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# EXHIBIT V



**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

July 10, 2015

Mr. Kenneth Dillon
4115 Wisconsin Avenue, N.W., #306
Washington, DC 20016
kennethjdillon@gmail.com

      Re: Request No. 1327397-000

Dear Mr. Dillon:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on June 19, 2015.

      The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **AP-2015-04047**. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

      We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at the number above. If you have submitted your appeal through this Office's online electronic appeal portal, you may also obtain an update on the status of your appeal by logging into your portal account.

                                  Sincerely,

                                  Priscilla Jones
                                  Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KENNETH J. DILLON | ) |
|  | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE, | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

Civil Action No. 1:17-cv-01716-RC

# **EXHIBIT W**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Kenneth Dillon
No. 306
4115 Wisconsin Avenue, NW                    Re:    Appeal No. AP-2015-04047
Washington, DC 20016                                 Request No. 1327397-000
kennethjdillon@gmail.com                            MWH:RCS

**VIA: E-Mail**

Dear Mr. Dillon:

        You appealed from the action of the Federal Bureau of Investigation on your Freedom of
Information Act request for access to records concerning Bruce Ivins in the anthrax mailings
case.

        After carefully considering your appeal, and as a result of discussions between FBI
personnel and this Office, I am remanding your request to the FBI for a search for responsive
records. If the FBI locates releasable records, it will send them to you directly, subject to any
applicable fees. You may appeal any future adverse determination made by the FBI. If you
would like to inquire about the status of this remand, please contact the FBI directly.

        If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

                                                        Sincerely,

                                                                                11/24/2015

                                                        X _____

                                                        Matthew Hurd, Senior Attorney, for
                                                        Sean O'Neill, Chief, Administrative Appeals Staff
                                                        Signed by: Hurd, Matthew (OIP)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                           )
                                            )
                                            )
                                            )
        Plaintiff,                          )        Civil Action No. 1:17-cv-01716-RC
                                            )
        v.                                  )
                                            )
UNITED STATES DEPARTMENT                    )
OF JUSTICE,                                 )
                                            )
                                            )
        Defendant.                          )
                                            )

# **EXHIBIT X**



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

April 15, 2016

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW #306
WASHINGTON, DC 20016

FOIPA Request No.: 1327397-000
Subject: IVINS, BRUCE

Dear Mr. Dillon:

Records responsive to your request were previously processed under the provisions of the Freedom of Information Act. Enclosed is one CD containing 6 pages of previously processed documents and a copy of the Explanation of Exemptions. Documents or information originating with other Government agencies originally referred to that agency were not included in this release. This release is being provided to you at no charge.

Additional records potentially responsive to your subject may exist. Please submit a new FOIA request if you would like the FBI to conduct a search of the indices to our Central Records System.

Submit requests by mail or fax to – Work Process Unit, 170 Marcel Drive, Winchester, VA 22602, fax number (540) 868-4997.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# **EXHIBIT Y**

4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016
June 6, 2016

RECEIVED

JUN 17 2016

Office of Information Policy

Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

RE: Freedom of Information Act Appeal

Dear Sir/Madam:

This is an appeal under the Freedom of Information Act.

On April 18, 2015, I requested from FBI all records from September and October, 2001 related to Dr. Bruce Ivins, USAMRIID. My request was assigned identification number 1327397-000.

In response, FBI sent me a letter dated April 27, 2015 informing me that "Records responsive to your request were previously processed for another requester." However, FBI has never released many records responsive to my request, so this reply was misleading and unresponsive.

On June 19, 2015 I filed an appeal to your office under the Freedom of Information Act. That appeal specified further the records requested: unreleased emails, laboratory notebooks, paper and computer files, information about meetings, and telephone and credit card records, building entry and exit records, and records on Ivins's animal experiments. The purpose was to show his activities and whereabouts, a crucial kind of alibi evidence.

Five months later, on November 24, 2015, you responded by remanding my request to the FBI for a search for responsive records.

Almost six months later, I received a letter from FBI dated May 13, 2016 informing me that records responsive to my request had been previously released. It included six pages of them but not a single new document. It also informed me that "Additional records potentially responsive to your subject may exist. Please submit a new FOIA request if you would like the FBI to conduct a search of the indices to our Central Records."

The anthrax mailings case was the largest criminal investigation in American history. There are excellent reasons to think that, to direct attention away from the real perpetrator, al Qaeda operative Abderraouf Jdey, FBI targeted innocent U.S. Army scientist Bruce Ivins and, after he had committed suicide, falsely accused him of the mailings.

The American people have a right to every shred of potentially relevant information about this case. Rather than encountering further delays, they should receive it as soon as is humanly possible. I refuse to submit another FOIA request that would go to the back of the queue.

Here is an updated specification of the records FBI needs to release in order to be responsive:

**Emails**: FBI has never released Ivins's emails to or from Patricia Fellows, Mara Linscott, Nancy Haigwood, or other individuals, even though it selectively used them in its Investigative Summary. Such emails include those to and from Ivins's work email account and those to and from his personal accounts,

including his laptop and home computer. Emails that show what he was doing and his whereabouts from September and October, 2001 need to be released.

**Laboratory Notebooks:** FBI needs to release the remaining pages of Notebook 4010 regarding Ivins's Flask 1029, and above all it needs to release the critically important Notebook 4282. Notebook 4282 has notations made, for example, during August 20-September 18, 2001 explaining the work Ivins was doing in the B3 Laboratory—even though FBI argues that he had no reason to be in the lab. The notebook addresses spore production of different strains of anthraces. It covers the period 06/08/2000 to 09/18/2001, with the last dated entry on the date Ivins allegedly mailed the deadly anthrax.

**Paper and Computer Files:** These include all records for September and October, 2001 related to the computer installed in Ivins's B3 suite in summer, 2001: Macintosh MMCN E7380. They also include all paper and computer files, including on other work and personal computers used by Ivins; FBI's Computer Analysis Response Team (CART) cloned his computers.

**Information about Meetings:** All relevant records related to meetings Ivins attended during September and October, 2001 form part of this request.

**Telephone and Credit Card Records, etc.:** In regard to Ivins's activities and whereabouts, entry and exit records for Building 1412 at USAMRIID, where genetically matching anthrax was stored, would also be responsive. Lastly, records relating to Ivins's animal experiments, including with 52 rabbits, in September and October, 2001 show his activities and whereabouts and so should be released.

The American people have an undeniable and compelling interest in learning what all FBI records responsive to this request contain.

Thank you for your consideration of this appeal.

Sincerely,

/Kenneth J. Dillon

Kenneth T Dillon
4115 Wisconsin Avenue, N.W. #306
Washington, D.C. 20016

Freedom of
Information Act
Appeal

Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530 - 0001

CAPITAL DISTRICT 200 2xx

06 JUN 2016 PM 4 L

20530-0001

RECD MAILROOM

JUN 16 2016

RINGLING BROS SHOWS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
_____)

# **EXHIBIT Z**

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Kenneth J. Dillon
No. 306
4115 Wisconsin Avenue, NW
Washington, DC 20016

June 22, 2016

Dear Mr. Dillon,

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. 1327397 was received by this Office on 06/17/2016.

The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2016-003776. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at the number above. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

Priscilla Jones
Digitally signed by Priscilla Jones
DN: cn=Priscilla Jones, o, ou,
email=priscilla.a.jones@usdoj.gov, c=US
Date: 2016.06.24 11:32:37 -04'00'

Priscilla Jones

Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON )
)
)
)
Plaintiff, )           Civil Action No. 1:17-cv-01716-RC
)
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
)
)
Defendant. )

# **EXHIBIT AA**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**August 23, 2016**

Mr. Kenneth J. Dillon
No. 306
4115 Wisconsin Avenue, NW
Washington, DC 20016
kennethjdillon@gmail.com

Re:  Appeal No. DOJ-AP-2016-003776
Request No. 1327397-000
MWH:RCS

**VIA: Email**

Dear Mr. Dillon:

You appealed from the action of the Federal Bureau of Investigation on the remand of your Freedom of Information Act request for access to records concerning Bruce Ivins in the anthrax mailings case.

After carefully considering your appeal, I am affirming the FBI's action on your request. By letter dated April 15, 2016, the FBI released to you six pages of responsive records. I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for responsive records subject to the FOIA.[1]

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

---

[1] Please be advised that the FBI did conduct a new search in response to this Office's remand.

- 2 -

College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

8/22/2016

X

Matthew Hurd, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: MATTHEW HURD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON              )
                            )
                            )
                            )
    Plaintiff,                 )        Civil Action No. 1:17-cv-01716-RC
                            )
         v.                 )
                            )
UNITED STATES DEPARTMENT   )
OF JUSTICE,                 )
                            )
                            )
    Defendant.             )
                            )

# EXHIBIT BB

27397 - /

4115 Wisconsin Avenue, N.W. #506
Washington, D.C. 20016
December 22, 2016

Mr. David M. Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
U.S. Department of Justice
Washington, D.C. 20535

FOIPA Request No. 1327397

Dear Mr. Hardy:

I have been largely persuaded by your responses and by the DOJ responses to my appeals that FBI does not possess not-yet-released documents on the activities of Bruce Ivins in September and October, 2001. However, it is not clear how to reconcile this with the statement of former head of the investigation Richard Lambert that there is "a wealth of exculpatory evidence" regarding Bruce Ivins (Lambert v. Holder et al, Tennessee Eastern District Court, April 2, 2015, Paragraph 55).

I have provisionally adopted the assumption that somebody must have destroyed this evidence, but I would like to test this assumption before proceeding further. Could I please trouble you to check for two specific kinds of evidence for September and October, 2001? Maybe they have somehow slipped through the cracks thus far.

1. Ivins's emails to or from Patricia Fellows and Mara Linscott; and

2. Laboratory Notebook No. 4282.

If neither of these two can be located, then it seems reasonable to conclude that somebody has destroyed this evidence, and the other potentially exculpatory evidence as well.

I appreciate your effort on this. I regret asking you further about the Ivins material, but you will understand that the charge of destruction of evidence is a weighty one, so I need to be on firm ground before making it.

Sincerely,

Kenneth J. Dillon

JAN 18 201



Kenneth T. ...en
2.5 Wisconsin Avenue, N.W. #506
Washington D.C. 2016

22 DEC 20 16 PM 7 1

Mr. David Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
U.S. Department of Justice
Washington, D.C., 20535

Opened & Inspected
JAN 0 4 2017
Mail Services #32

20535—

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                          )
                                           )
                                           )
                                           )
        Plaintiff,                         )       Civil Action No. 1:17-cv-01716-RC
                                           )
        v.                                 )
                                           )
UNITED STATES DEPARTMENT                   )
OF JUSTICE,                                )
                                           )
                                           )
        Defendant.                         )
                                           )

# EXHIBIT CC



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 30, 2017

MR. KENNETH J. DILLON
NUMBER 306
4115 WISCONSIN AVENUE, NW
WASHINGTON, DC 20016

> FOIPA Request No.: 1327397-001
> Subject: IVINS, BRUCE
> EMAILS PATRICIA FELLOWS AND MARA
> LINSCOTT, NOTEBOOK 4282

Dear Mr. Dillon:

This acknowledges receipt of your Freedom of Information (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☑ We are searching the indices to our Central Records System for the information responsive to this request. We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release. Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date. If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

  ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(ii)(I).

  ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

  ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on FOIPA Status and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."

The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON

Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE,

Defendant.

Civil Action No. 1:17-cv-01716-RC

# **EXHIBIT DD**



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

December 19, 2017

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW
NUMBER 306
WASHINGTON, DC 20016

> FOIPA Request No.: 1327397-001
> Civil Action No.: 17-cv-01716
> Subject: IVINS, BRUCE

Dear Mr. Dillon:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

7 pages were reviewed and 7 pages are being released.

☑ Documents were located which originated with, or contained information concerning, other another Government Agency [OGA].

   ☐ This information has been referred to the OGA(s) for review and direct response to you.
   ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

☑ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosures

As previously indicated, documents were located which originated with, or contained information concerning another agency. We are consulting with the other agency and are awaiting their response. Our office has processed all other information currently in our possession. Upon the completion of the outstanding consultation by our office, the FBI will correspond with you regarding those documents when the consultation is completed.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                    )
                                     )
                                     )
                                     )
        Plaintiff,                   )        Civil Action No. 1:17-cv-01716-RC
                                     )
        v.                           )
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE,                          )
                                     )
                                     )
        Defendant.                   )
                                     )

# EXHIBIT EE

**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 30, 2018

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW
NUMBER 306
WASHINGTON, DC 20016

> *Dillon v. Department of Justice*
> Civil Action No: 17-cv-01716
> FOIPA Request No.: 1327397-001
> Subject: IVINS, BRUCE

Dear Mr. Dillon:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

|  Section 552 |  |  Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

98 were reviewed and 98 are being released.

☐  Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

    ☐  This information has been referred to the OGA(s) for review and direct response to you.
    ☐  We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

☑

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

☐  The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).  Because of our significant backlog, we have given priority to processing only the main investigative file(s).  If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑  See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosures

This material is being provided to you at no charge.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                        )
                                          )
                                          )
                                          )
        Plaintiff,                        )        Civil Action No. 1:17-cv-01716-RC
                                          )
        v.                                )
                                          )
UNITED STATES DEPARTMENT                  )
OF JUSTICE,                               )
                                          )
                                          )
        Defendant.                        )
                                          )

# **EXHIBIT FF**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 20, 2019

MR. KENNETH J. DILLON
4115 WISCONSIN AVENUE, NW
NUMBER 506
WASHINGTON, DC   20016

*Dillon v. Department of Justice*
Civil Action No. 17-cv-01716
FOIPA Request No.: 1327397-001
Subject: IVINS, BRUCE

Dear Mr. Dillon:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552.   Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.   The appropriate exemptions are noted on the processed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.   An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  | **Section 552a** |
|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
|  | ☐ (b)(7)(D) | ☐ (k)(2) |
|  | ☐ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

343 pages were reviewed and 102 pages are being released.

Below you will also find additional informational paragraphs about your request.   Where applicable, checked boxes are used to provide you with more information about the processing of your request.   Please read each item carefully.

☐    Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐    This information has been referred to the OGA(s) for review and direct response to you.
☐    We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☑    In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosures

The enclosed documents represent a final release of information responsive to your Freedom of Information Act request.   This release contains pages FBI(17-cv-01716)106 – FBI(17-cv-01716)448.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

This material is being provided to you at no charge.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH J. DILLON                     )
                                      )
                                      )
                                      )
        Plaintiff,                    )          Civil Action No. 1:17-cv-01716-RC
                                      )
           v.                         )
                                      )
UNITED STATES DEPARTMENT              )
OF JUSTICE,                           )
                                      )
                                      )
        Defendant.                    )
                                      )

# **<u>EXHIBIT GG</u>**

*KENNETH J. DILLON v. DEPARTMENT OF JUSTICE*
17-cv-01716
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## *Vaughn* Index for FOIPA Request No. 1327397

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and/or Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-1 and (b)(7)(C)-2 | Names and/or Identifying Information of FBI Special Agents/Support Personnel |
| (b)(6)-1 and (b)(7)(C)-3 | Names and/or Identifying Information of Non-FBI Federal Government Personnel |

### INDEX KEY

RIF: Released in Full

RIP: Released in Part

WIF: Withheld in Full

Dup: Duplicate page that was withheld in full

Dup of: Location of original copy

Per Army: Information was withheld by Army

### FBI DOCUMENT TYPES

• FD-340 - 1A Envelopes:  These envelopes are used to organize and store documents that need to be stored separately from the FBI file to which they are attached, due to their size.  They usually contain handwritten notes of interviews, photographs, and other various evidentiary documents.

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| Ivins' Emails with Colleagues Dated June 2000 - September 2001 | 1 | X | X | X | | | X | | |
| | 2 | X | X | | | | X | | |
| | 3 | X | X | X | | | X | | |
| | 4 | X | X | X | | | X | | |
| | 5 | X | X | X | | | X | | |
| | 6 | X | X | X | | | X | | |
| | 7 | X | X | X | | | X | | |
| Ivins' Notebook #4282 | 8 | X | | X | 6/7C | | X | | |
| | 9 | X | | X | 6/7C | | X | | |
| | 10 | X | | X | 6/7C | | X | | |
| | 11 | X | | X | 6/7C | | X | | |
| | 12 | X | | X | 6/7C | | X | | |
| | 13 | X | | X | 6/7C | | X | | |
| | 14 | X | | X | 6/7C | | X | | |
| | 15 | X | | X | 6/7C | | X | | |
| | 16 | X | | X | 6/7C | | X | | |
| | 17 | X | | X | 6/7C | | X | | |
| | 18 | X | | X | 6/7C | | X | | |
| | 19 | X | | X | 6/7C | | X | | |
| | 20 | | | | | X | | | |
| | 21 | X | | X | 6/7C | | X | | |
| | 22 | X | | X | 6/7C | | X | | |
| | 23 | X | | X | 6/7C | | X | | |
| | 24 | X | | X | 6/7C | | X | | |
| | 25 | X | | X | 6/7C | | X | | |
| | 26 | X | | X | 6/7C | | X | | |
| | 27 | X | | X | 6/7C | | X | | |
| | 28 | X | | X | 6/7C | | X | | |
| | 29 | X | | X | 6/7C | | X | | |
| | 30 | X | | X | 6/7C | | X | | |
| | 31 | X | | X | 6/7C | | X | | |
| | 32 | X | | X | 6/7C | | X | | |
| | 33 | | | | | X | | | |
| | 34 | | | | | X | | | |
| | 35 | X | | X | 6/7C | | X | | |
| | 36 | | | | | X | | | |
| | 37 | X | | X | 6/7C | | X | | |
| | 38 | X | | X | 6/7C | | X | | |
| | 39 | X | | X | 6/7C | | X | | |
| | 40 | X | | X | 6/7C | | X | | |
| | 41 | | | | | X | | | |
| | 42 | X | | X | 6/7C | | X | | |
| | 43 | X | | X | 6/7C | | X | | |
| | 44 | X | | X | 6/7C | | X | | |
| | 45 | X | | X | 6/7C | | X | | |
| | 46 | X | | X | 6/7C | | X | | |
| | 47 | | | | | X | | | |
| | 48 | | | | | X | | | |
| | 49 | X | | X | 6/7C | | X | | |
| | 50 | | | | | X | | | |
| | 51 | X | | X | 6/7C | | X | | |
| | 52 | | | | | X | | | |
| | 53 | | | | | X | | | |

1

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| | 54 | X | | X | 6/7C | | X | | |
| | 55 | X | | X | 6/7C | | X | | |
| | 56 | X | | X | 6/7C | | X | | |
| | 57 | | | | | X | | | |
| | 58 | X | | X | 6/7C | | X | | |
| | 59 | X | | X | 6/7C | | X | | |
| | 60 | X | | X | 6/7C | | X | | |
| | 61 | | | | | X | | | |
| | 62 | | | | | X | | | |
| | 63 | X | | X | 6/7C | | X | | |
| | 64 | X | | X | 6/7C | | X | | |
| | 65 | X | | X | 6/7C | | X | | |
| | 66 | X | | X | 6/7C | | X | | |
| | 67 | X | | X | 6/7C | | X | | |
| | 68 | X | | X | 6/7C | | X | | |
| | 69 | X | | X | 6/7C | | X | | |
| | 70 | | | | | X | | | |
| | 71 | X | | X | 6/7C | | X | | |
| | 72 | | | | | X | | | |
| | 73 | | | | | X | | | |
| | 74 | X | | X | 6/7C | | X | | |
| | 75 | X | | X | 6/7C | | X | | |
| | 76 | X | | X | 6/7C | | X | | |
| | 77 | X | | X | 6/7C | | X | | |
| | 78 | X | | X | 6/7C | | X | | |
| | 79 | | | | | X | | | |
| | 80 | | | | | X | | | |
| | 81 | X | | X | 6/7C | | X | | |
| | 82 | X | | X | 6/7C | | X | | |
| | 83 | X | | X | 6/7C | | X | | |
| | 84 | | | | | X | | | |
| | 85 | | | | | X | | | |
| | 86 | X | | X | 6/7C | | X | | |
| | 87 | X | | X | 6/7C | | X | | |
| | 88 | X | | X | 6/7C | | X | | |
| | 89 | X | | X | 6/7C | | X | | |
| | 90 | X | | X | 6/7C | | X | | |
| | 91 | | | | | X | | | |
| | 92 | | | | | X | | | |
| | 93 | X | | X | 6/7C | | X | | |
| | 94 | X | | X | 6/7C | | X | | |
| | 95 | X | | X | 6/7C | | X | | |
| | 96 | X | | X | 6/7C | | X | | |
| | 97 | X | | X | 6/7C | | X | | |
| | 98 | X | | X | 6/7C | | X | | |
| | 99 | X | | X | 6/7C | | X | | |
| | 100 | X | | X | 6/7C | | X | | |
| | 101 | | | | | X | | | |
| | 102 | | | | | X | | | |
| | 103 | X | | X | 6/7C | | X | | |
| | 104 | X | | X | 6/7C | | X | | |
| | 105 | | | | | X | | | |
| Additional Ivins Emails with Colleagues Dated September 2001 - | 106 | X | X | | | | X | | |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| October 2001 | 107 | X | X | | | | X | | |
| | 108 | X | X | | | | X | | |
| | 109 | X | X | X | | | X | | |
| | 110 | X | X | | | | X | | |
| | 111 | X | X | | | | X | | |
| | 112 | X | X | X | | | X | | |
| | 113 | X | X | | | | X | | |
| | 114 | X | X | | | | X | | |
| | 115 | X | X | | | | X | | |
| | 116 | X | X | | | | X | | |
| | 117 | X | X | | | | X | | |
| | 118 | X | X | X | | | X | | |
| | 119 | X | X | X | | | X | | |
| | 120 | X | X | | | | X | | |
| | 121 | X | X | X | | | X | | |
| | 122 | X | X | X | | | X | | |
| | 123 | X | X | | | | X | | |
| | 124 | X | X | | | | X | | |
| | 125 | X | X | X | | | X | | |
| | 126 | X | X | X | | | X | | |
| | 127 | | X | | | | X | | |
| | 128 | X | X | X | | | X | | |
| | 129 | X | X | | | | X | | |
| | 130 | | X | | | | X | | |
| | 131 | | X | | | | X | | |
| | 132 | X | X | | | | X | | |
| | 133 | X | X | | | | X | | |
| | 134 | X | X | | | | X | | |
| | 135 | | X | | | | X | | |
| | 136 | X | X | | | | X | | |
| | 137 | X | X | X | | | X | | |
| | 138 | X | X | | | | X | | |
| | 139 | X | X | | | | X | | |
| | 140 | X | X | | | | X | | |
| | 141 | X | X | | | | X | | |
| | 142 | | X | | | | X | | |
| | 143 | X | X | | | | X | | |
| | 144 | X | X | | | | X | | |
| | 145 | X | X | X | | | X | | |
| | 146 | X | X | | | | X | | |
| | 147 | X | X | X | | | X | | |
| | 148 | X | X | | | | X | | |
| | 149 | X | X | X | | | X | | |
| | 150 | X | X | | | | X | | |
| | 151 | X | X | | | | X | | |
| | 152 | X | X | | | | X | | |
| | 153 | X | X | | | | X | | |
| | 154 | X | X | | | | X | | |
| | 155 | X | X | | | | X | | |
| | 156 | X | X | | | | X | | |
| | 157 | X | X | | | | X | | |
| | 158 | X | X | X | | | X | | |
| | 159 | X | X | | | | X | | |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| | 160 | X | X | | | | X | | |
| | 161 | X | X | | | | X | | |
| | 162 | X | X | | | | X | | |
| | 163 | X | X | | | | X | | |
| | 164 | X | X | | | | X | | |
| | 165 | X | X | X | | | X | | |
| | 166 | X | X | | | | X | | |
| | 167 | X | X | | | | X | | |
| | 168 | X | X | | | | X | | |
| | 169 | X | X | | | | X | | |
| | 170 | X | X | | | | X | | |
| | 171 | X | X | | | | X | | |
| | 172 | X | X | X | | | X | | |
| | 173 | X | X | | | | X | | |
| | 174 | X | X | | | | X | | |
| | 175 | X | X | | | | X | | |
| | 176 | X | X | | | | X | | |
| | 177 | X | X | | | | X | | |
| | 178 | X | X | | | | X | | |
| | 179 | X | X | | | | X | | |
| | 180 | X | X | | | | X | | |
| | 181 | X | X | | | | X | | |
| | 182 | X | X | | | | X | | |
| | 183 | X | X | | | | X | | |
| | 184 | X | X | | | | X | | |
| | 185 | X | X | | | | X | | |
| | 186 | X | X | X | | | X | | |
| | 187 | X | X | | | | X | | |
| | 188 | X | X | | | | X | | |
| | 189 | | X | | | | X | | |
| | 190 | X | X | | | | X | | |
| | 191 | X | X | | | | X | | |
| | 192 | X | X | | | | X | | |
| | 193 | X | X | | | | X | | |
| | 194 | X | X | X | | | X | | |
| | 195 | X | X | X | | | X | | |
| | 196 | X | X | X | | | X | | |
| | 197 | X | X | X | | | X | | |
| | 198 | X | X | | | | X | | |
| | 199 | X | X | | | | X | | |
| | 200 | X | X | X | | | X | | |
| | 201 | | X | | | | X | | |
| | 202 | X | X | | | | X | | |
| | 203 | X | X | | | | X | | |
| | 204 | X | X | | | | X | | |
| Duplicate Ivins Emails with Colleagues Dated September 2001 - October 2001 | 205 | | | | | | | X | 106 |
| | 206 | | | | | | | X | 107 |
| | 207 | | | | | | | X | 108 |
| | 208 | | | | | | | X | 109 |
| | 209 | | | | | | | X | 110 |
| | 210 | | | | | | | X | 111 |
| | 211 | | | | | | | X | 112 |
| | 212 | | | | | | | X | 113 |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| | 213 | | | | | | | X | 114 |
| | 214 | | | | | | | X | 115 |
| | 215 | | | | | | | X | 116 |
| | 216 | | | | | | | X | 117 |
| | 217 | | | | | | | X | 118 |
| | 218 | | | | | | | X | 119 |
| | 219 | | | | | | | X | 120 |
| | 220 | | | | | | | X | 121 |
| | 221 | | | | | | | X | 122 |
| | 222 | | | | | | | X | 123 |
| | 223 | | | | | | | X | 124 |
| | 224 | | | | | | | X | 125 |
| | 225 | | | | | | | X | 126 |
| | 226 | | | | | | | X | 127 |
| | 227 | | | | | | | X | 128 |
| | 228 | | | | | | | X | 129 |
| | 229 | | | | | | | X | 130 |
| | 230 | | | | | | | X | 131 |
| | 231 | | | | | | | X | 132 |
| | 232 | | | | | | | X | 133 |
| | 233 | | | | | | | X | 134 |
| | 234 | | | | | | | X | 135 |
| | 235 | | | | | | | X | 136 |
| | 236 | | | | | | | X | 137 |
| | 237 | | | | | | | X | 138 |
| | 238 | | | | | | | X | 139 |
| | 239 | | | | | | | X | 140 |
| | 240 | | | | | | | X | 141 |
| | 241 | | | | | | | X | 142 |
| | 242 | | | | | | | X | 143 |
| | 243 | | | | | | | X | 144 |
| | 244 | | | | | | | X | 145 |
| | 245 | | | | | | | X | 146 |
| | 246 | | | | | | | X | 147 |
| | 247 | | | | | | | X | 148 |
| | 248 | | | | | | | X | 149 |
| | 249 | | | | | | | X | 150 |
| | 250 | | | | | | | X | 151 |
| | 251 | | | | | | | X | 152 |
| | 252 | | | | | | | X | 153 |
| | 253 | | | | | | | X | 154 |
| | 254 | | | | | | | X | 155 |
| | 255 | | | | | | | X | 156 |
| | 256 | | | | | | | X | 157 |
| | 257 | | | | | | | X | 158 |
| | 258 | | | | | | | X | 159 |
| | 259 | | | | | | | X | 160 |
| | 260 | | | | | | | X | 161 |
| | 261 | | | | | | | X | 162 |
| | 262 | | | | | | | X | 163 |
| | 263 | | | | | | | X | 164 |
| | 264 | | | | | | | X | 165 |
| | 265 | | | | | | | X | 166 |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| | 266 | | | | | | | X | 167 |
| | 267 | | | | | | | X | 168 |
| | 268 | | | | | | | X | 169 |
| | 269 | | | | | | | X | 170 |
| | 270 | | | | | | | X | 171 |
| | 271 | | | | | | | X | 172 |
| | 272 | | | | | | | X | 173 |
| | 273 | | | | | | | X | 174 |
| | 274 | | | | | | | X | 175 |
| | 275 | | | | | | | X | 176 |
| | 276 | | | | | | | X | 177 |
| | 277 | | | | | | | X | 178 |
| | 278 | | | | | | | X | 179 |
| | 279 | | | | | | | X | 180 |
| | 280 | | | | | | | X | 181 |
| | 281 | | | | | | | X | 182 |
| | 282 | | | | | | | X | 183 |
| | 283 | | | | | | | X | 184 |
| | 284 | | | | | | | X | 185 |
| | 285 | | | | | | | X | 186 |
| | 286 | | | | | | | X | 187 |
| | 287 | | | | | | | X | 188 |
| | 288 | | | | | | | X | 189 |
| | 289 | | | | | | | X | 190 |
| | 290 | | | | | | | X | 191 |
| | 291 | | | | | | | X | 192 |
| | 292 | | | | | | | X | 193 |
| | 293 | | | | | | | X | 194 |
| | 294 | | | | | | | X | 195 |
| | 295 | | | | | | | X | 196 |
| | 296 | | | | | | | X | 197 |
| | 297 | | | | | | | X | 198 |
| | 298 | | | | | | | X | 199 |
| | 299 | | | | | | | X | 200 |
| | 300 | | | | | | | X | 201 |
| | 301 | | | | | | | X | 202 |
| | 302 | | | | | | | X | 203 |
| | 303 | | | | | | | X | 204 |
| | 304 | | | | | | | X | 106 |
| | 305 | | | | | | | X | 107 |
| | 306 | | | | | | | X | 108 |
| | 307 | | | | | | | X | 109 |
| | 308 | | | | | | | X | 110 |
| | 309 | | | | | | | X | 111 |
| | 310 | | | | | | | X | 112 |
| | 311 | | | | | | | X | 113 |
| | 312 | | | | | | | X | 114 |
| | 313 | | | | | | | X | 115 |
| | 314 | | | | | | | X | 116 |
| | 315 | | | | | | | X | 117 |
| | 316 | | | | | | | X | 118 |
| | 317 | | | | | | | X | 119 |
| | 318 | | | | | | | X | 120 |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| | 319 | | | | | | | X | 121 |
| | 320 | | | | | | | X | 122 |
| | 321 | | | | | | | X | 123 |
| | 322 | | | | | | | X | 124 |
| | 323 | | | | | | | X | 125 |
| | 324 | | | | | | | X | 126 |
| | 325 | | | | | | | X | 127 |
| | 326 | | | | | | | X | 128 |
| | 327 | | | | | | | X | 129 |
| | 328 | | | | | | | X | 130 |
| | 329 | | | | | | | X | 131 |
| | 330 | | | | | | | X | 132 |
| | 331 | | | | | | | X | 133 |
| | 332 | | | | | | | X | 134 |
| | 333 | | | | | | | X | 135 |
| | 334 | | | | | | | X | 136 |
| | 335 | | | | | | | X | 137 |
| | 336 | | | | | | | X | 138 |
| | 337 | | | | | | | X | 139 |
| | 338 | | | | | | | X | 140 |
| | 339 | | | | | | | X | 141 |
| | 340 | | | | | | | X | 142 |
| | 341 | | | | | | | X | 143 |
| | 342 | | | | | | | X | 144 |
| | 343 | | | | | | | X | 145 |
| | 344 | | | | | | | X | 146 |
| | 345 | | | | | | | X | 147 |
| | 346 | | | | | | | X | 148 |
| | 347 | | | | | | | X | 149 |
| | 348 | | | | | | | X | 150 |
| | 349 | | | | | | | X | 151 |
| | 350 | | | | | | | X | 152 |
| | 351 | | | | | | | X | 153 |
| | 352 | | | | | | | X | 154 |
| | 353 | | | | | | | X | 155 |
| | 354 | | | | | | | X | 156 |
| | 355 | | | | | | | X | 157 |
| | 356 | | | | | | | X | 158 |
| | 357 | | | | | | | X | 159 |
| | 358 | | | | | | | X | 160 |
| | 359 | | | | | | | X | 161 |
| | 360 | | | | | | | X | 162 |
| | 361 | | | | | | | X | 163 |
| | 362 | | | | | | | X | 164 |
| | 363 | | | | | | | X | 165 |
| | 364 | | | | | | | X | 166 |
| | 365 | | | | | | | X | 167 |
| | 366 | | | | | | | X | 168 |
| | 367 | | | | | | | X | 169 |
| | 368 | | | | | | | X | 170 |
| | 369 | | | | | | | X | 171 |
| | 370 | | | | | | | X | 172 |
| | 371 | | | | | | | X | 173 |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| | 372 | | | | | | | X | 174 |
| | 373 | | | | | | | X | 175 |
| | 374 | | | | | | | X | 176 |
| | 375 | | | | | | | X | 177 |
| | 376 | | | | | | | X | 178 |
| | 377 | | | | | | | X | 179 |
| | 378 | | | | | | | X | 180 |
| | 379 | | | | | | | X | 181 |
| | 380 | | | | | | | X | 182 |
| | 381 | | | | | | | X | 183 |
| | 382 | | | | | | | X | 184 |
| | 383 | | | | | | | X | 185 |
| | 384 | | | | | | | X | 186 |
| | 385 | | | | | | | X | 187 |
| | 386 | | | | | | | X | 188 |
| | 387 | | | | | | | X | 189 |
| | 388 | | | | | | | X | 190 |
| | 389 | | | | | | | X | 191 |
| | 390 | | | | | | | X | 192 |
| | 391 | | | | | | | X | 193 |
| | 392 | | | | | | | X | 194 |
| | 393 | | | | | | | X | 195 |
| | 394 | | | | | | | X | 196 |
| | 395 | | | | | | | X | 197 |
| | 396 | | | | | | | X | 198 |
| | 397 | | | | | | | X | 199 |
| | 398 | | | | | | | X | 200 |
| | 399 | | | | | | | X | 201 |
| | 400 | | | | | | | X | 202 |
| | 401 | | | | | | | X | 203 |
| | 402 | | | | | | | X | 204 |
| | 403 | | | | | | | X | 121 |
| | 404 | | | | | | | X | 122 |
| FD-340c Dated 4/04/2005 Containing Email Exchanges Between Ivins and Colleaugues | 405 | X | X | | | | X | | |
| Duplicate Ivins Emails with Colleagues Dated September 2001 - October 2001 | 406 | | | | | | | X | 144 |
| | 407 | | | | | | | X | 145 |
| | 408 | | | | | | | X | 159 |
| | 409 | | | | | | | X | 160 |
| | 410 | | | | | | | X | 161 |
| | 411 | | | | | | | X | 162 |
| | 412 | | | | | | | X | 163 |
| | 413 | | | | | | | X | 164 |
| | 414 | | | | | | | X | 165 |
| | 415 | | | | | | | X | 177 |
| | 416 | | | | | | | X | 178 |
| | 417 | | | | | | | X | 179 |
| | 418 | | | | | | | X | 180 |
| | 419 | | | | | | | X | 181 |
| | 420 | | | | | | | X | 190 |
| | 421 | | | | | | | X | 191 |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | Per Army | RIF | RIP | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| | 422 | | | | | | | X | 192 |
| | 423 | | | | | | | X | 193 |
| | 424 | | | | | | | X | 148 |
| | 425 | | | | | | | X | 149 |
| | 426 | | | | | | | X | 150 |
| | 427 | | | | | | | X | 151 |
| | 428 | | | | | | | X | 152 |
| | 429 | | | | | | | X | 153 |
| | 430 | | | | | | | X | 154 |
| | 431 | | | | | | | X | 155 |
| | 432 | | | | | | | X | 156 |
| | 433 | | | | | | | X | 157 |
| | 434 | | | | | | | X | 158 |
| | 435 | | | | | | | X | 159 |
| | 436 | | | | | | | X | 160 |
| | 437 | | | | | | | X | 161 |
| | 438 | | | | | | | X | 162 |
| | 439 | | | | | | | X | 163 |
| | 440 | | | | | | | X | 164 |
| | 441 | | | | | | | X | 165 |
| | 442 | | | | | | | X | 177 |
| | 443 | | | | | | | X | 178 |
| | 444 | | | | | | | X | 179 |
| | 445 | | | | | | | X | 180 |
| | 446 | | | | | | | X | 181 |
| FD-340c Dated 3/14/2007 Containing Email Exchanges Between Ivins and Colleagues | 447 | X | X | | | | X | | |
| Ivins' Email with Colleauges Dated October 2001 | 448 | X | X | | | | X | | |

# 17-cv-01716
## Page Disposition Totals

| Page Disposition Totals |
|---|
| **Total:** **448** |
| RIF: 25 |
| RIP: 182 |
| WIF: 241 |
| • Duplicate: 241 |